CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1872.

## A. P. ANKENY v. MULTNOMAH COUNTY.

AN ordinary promissory note, the owner of which is absent from this state, is not an "indebtedness to this state," which can be deducted from the debtor's assessment.

UPTON, J. This case presents facts similar to those of the case of *A. P. Ankeny et al. v. Multnomah County*, except that the note in this case was given by the petitioner to Jemima Wheeler, who is absent from the state, for $15,000, and it does not appear that any particular place of payment is designated in the note. The agreed case contains the statement that the note " was or is payable in Portland," and shows that the money was used in making improvements on the property which is assessed to the petitioner.

The fact that the money went into improvements and was thus taxed, is not a matter which the statute authorizes the court to consider; and the statement in the alternative, that the note was or is payable in Portland, does not justify the conclusion that payment could not be enforced at any other place; but it must be treated as an ordinary promissory note; and according to the decision in *Johnson v. Oregon City*, its *situs* is with its owner. When Mrs. Wheeler left the state, she carried with her the property in the note, and the right to bring an action upon it in any other country in which the maker or his property may be found. As the property in the note was no longer in this state after she departed, and the petitioner retained no right to satisfy it in this state, I think it cannot be treated as a deduction authorized by the statute, and that the proceeding of the county court should be affirmed.